# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| JENNIFER LYNN BEAN,<br><br>                Plaintiff,<br><br>v.<br><br>SPINX GAMES, LTD.,<br><br>                Defendant. | Case No. |

## NOTICE OF REMOVAL

## Removed from the Circuit Court for the 14th Judicial District of Tennessee
## Case No. 2023-cv-49180

Defendant SpinX Games, Ltd. ("Defendant" or 'SpinX"), by and through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, specially appear for the purpose of this removal and, preserving all defenses, remove this civil action to the United States District Court for the Eastern District of Tennessee from the Circuit Court of Coffee County, Tennessee. In support of this Notice of Removal, SpinX states as follows:

## I. OVERVIEW

1. On November 13, 2023, Plaintiff Jennifer Lynn Bean ("Plaintiff") commenced this action by filing a Complaint in the Circuit Court of Coffee County, Tennessee, in the civil action styled *Jennifer Lynn Bean v. SpinX Games, LTD.*, Case No. 2023-CV-49180. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all pleadings, process, and papers filed in the State Court Action are attached hereto as **Exhibit A.**

2. This removal is timely because Defendants have filed this notice within the time period stipulated to by both parties in the Agreed Order Setting Deadline for Defendant SpinX Games to Accept Service. Coffee County Case No. 2023-CV-49180, Dkt. No. 2.

3. A copy of this Notice of Removal will be filed with the Circuit Court of Coffee County, and a copy will be provided to all adverse parties pursuant to 28 U.S.C. § 1446(d).

4. Plaintiff's allegations against SpinX in this case arise from SpinX's development and publication of online games which Plaintiff claims are unlawful "games of chance," constituting illegal gambling, under Tennessee law.

5. Plaintiff seeks to recover the amounts spent by all players in Tennessee of SpinX casino-themed social games from November 13, 2022, to the present (the "Relevant Time Period"), but excluding amounts spent by any players who personally spent $75,000 or more during the Relevant Time Period. Compl. ¶¶ 5, 25, Prayer for Relief ¶ 2.

6. Plaintiff claims she is entitled to this relief under Tennessee Code § 29-19-105, which provides that if a person who loses money on unlawful gambling does not bring an action to recover his or her losses within 90 days of the loss, "[a]ny other person may, after the expiration of the ninety (90) days, and within twelve (12) months thereafter, recover the amount of such money, thing, or its value, by action for the use of the spouse; or, if no spouse, the child or children; and, if no child or children, the next of kin of the loser." Tenn. Code § 29-19-105.

7. Removal in this case is based upon 28 U.S.C. §§ 1332, 1441(a) and 1453. As set forth below, removal is proper because Plaintiff's suit, which seeks to collect millions of dollars "for the use of" the family members of everyone in Tennessee who spent money on SpinX's games, is "in substance" a "class action" within the broad meaning of that term under the CAFA; (2) Defendant is not a citizen of Tennessee; (3) more than 100 players in Tennessee spent money on Defendants' games during the Relevant Time Period, even when excluding players who spent $75,000 or more; and (4) the total expenditures on SpinX's games by all Tennessee players during the Relevant Time Period exceeds $5,000,000, exclusive of interest and costs, even when excluding the expenditures of players who spent $75,000 or more. Alternatively, removal is also proper because complete diversity of citizenship exists between Plaintiff and SpinX, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## II. JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2), because (1) this action, in which Plaintiff seeks to collect millions of dollars "for the use of" the family members of everyone in Tennessee who spent money on SpinX's games, is "in substance" a "class action" within the broad meaning of that term under the CAFA; (2) Defendant is not a citizen of Tennessee; (3) more than 100 players in Tennessee spent money on Defendants' games during the Relevant

Time Period, even when excluding players who spent $75,000 or more; and (4) the total expenditures on SpinX's games by all Tennessee players during the Relevant Time Period exceeds $5,000,000, exclusive of interest and costs, even when excluding the expenditures of players who spent $75,000 or more.

9. Alternatively, this Court has subject matter jurisdiction under the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), because (1) the Defendant is not a citizen of Tennessee; and (2) Plaintiff seeks to recover more than $75,000 in this action.

10. Venue is proper in the Eastern District of Tennessee, Winchester Division, because the state court action was filed in the Circuit Court of Coffee County, Tennessee. Thus, this Court is "the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

### III. GROUNDS FOR REMOVAL

#### A. Removal is Proper under the CAFA

11. Removal is proper under 28 U.S.C. §§ 1332(d)(2) and 1453(b). Together, these statutes allow for the removal of any (1) "class action" where (2) minimal diversity exists, (3) at least 100 class members are represented, and (4) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs," provided none of the grounds for mandatory declination of CAFA jurisdiction exists. 28 U.S.C. §§ 1332(d)(1)–(5).

12. All these requirements are met here.

13. First, it is undisputed that Plaintiff is a citizen of Tennessee (Compl. ¶ 10) and Defendant is not a citizen of Tennessee (*id.*; *see also* Declaration of Panasarn Aim Jirut("Jirut Decl.") at 3). Therefore, the CAFA's minimal diversity requirements are satisfied (28 U.S.C. § 1332(d)(2)) and the mandatory exception to CAFA jurisdiction does not apply (28 U.S.C. § 1332(d)(4)(a)(i)(II)).

14. Second, there are more than 100 players in Tennessee who made a purchase in Defendants' games during the Relevant Time Period, even when excluding those players who spent $75,000 or more during that period. Jirut Decl. ¶ 6.

15. Third, the amount spent on SpinX's games alone by all Tennessee players during the Relevant Time Period exceeds $5,000,000, even when excluding the expenditures of players who spent $75,000 or more during that period. Jirut Decl. ¶ 5.

16. Finally, this action qualifies as a "class action" under the CAFA. The CAFA defines a "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

17. The complaint asserts claims under Tennessee Code § 29-19-105 on behalf of the unnamed families of all Tennessee players who played SpinX's games, and the complaint seeks to recover all the money that those players spent on the games "for the use of" those players' families. *See* Compl. ¶¶ 5, 9, 20, 24, 25, Prayer for Relief. In claiming to represent and to seek recovery "for the use of" all Tennessee players' families, Plaintiff's suit under Tennessee Code § 29-19-105 "resemble[s] a purported class action" and therefore, per Congress' express instruction, this suit "should be considered [a] class action[] for the purpose of applying" the CAFA. S. Rep. No. 109-14, at 35.

18. Thus, CAFA jurisdiction exists under 28 U.S.C. § 1332(d)(2). Accordingly, removal is proper pursuant to 28 U.S.C. §§ 1441(a) and 1332(d)(2).

### B. Removal is Proper Under the Court's Diversity Jurisdiction

19. Alternatively, removal of this case is proper under 28 U.S.C. §§ 1441(a), 1441(b), and 1332(a). Together, these statutes allow for the removal of any civil action between "citizens of different states" where the amount in controversy exceeds $75,000, exclusive of interest and

costs, provided that no defendant "properly joined and served . . . is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b).

20. There is complete diversity of citizenship. *See infra* ¶ 13.

21. The amount in controversy requirement is also satisfied. Plaintiff "seeks recovery of all sums paid by Tennessee residents to SpinX in its games during [the Relevant Time Period]," excluding the purchases of players who spent $75,000 or during that period. Compl. ¶ 25.

22. Tennessee players spent more than $5,000,000 on SpinX's games during the Relevant Time Period, exclusive of interest and costs, even when excluding the expenditures of players who spent $75,000 or more. *See supra* at ¶ 15, *see also* Jirut Decl. at 5.

23. Accordingly, removal is proper pursuant to 28 U.S.C. §§ 1441(a), 1441(b), and 1332(a).

## IV. CONCLUSION

24. Removal of this action is proper under 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

25. By removing the state court action to this Court, SpinX reserves and does not waive any and all defenses, objections or motions available to them under state or federal law, including any defenses under Rule 12 of the Federal Rules of Civil Procedure.

WHEREFORE, SpinX hereby removes this action from the Circuit Court of Coffee County, Tennessee, to the United States District Court for the Eastern District of Tennessee, Winchester Division. This Notice has been served on all counsel of records on the date and manner stated in the Certificate of Service.

Respectfully submitted,

Dated: January 22, 2024

By: */s/ Margaret M. Siller*
MARGARET M. SILLER (BPR No. 039058)
MAYNARD NEXSEN PC
1131 4th Ave. South, Suite 320
Nashville, TN 37210
Telephone: 629.258.2253
Facsimile: 629.258.2251

MICHELLE YBARRA (pro hac vice forthcoming)
MATAN SHACHAM (pro hac vice forthcoming)
TRAVIS SILVA (pro hac vice forthcoming)
ROBYN PARISER (pro hac vice forthcoming)
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415 391 5400
Facsimile: 415 397 7188

ATTORNEYS FOR DEFENDANT
SPINX GAMES, LTD.